UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 13-349-HRW

RONALD EDWARD JOHNSON,

PLAINTIFF,

v.   MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,   DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on February 22, 2011, alleging disability beginning on June 10, 2010, due to a right shoulder injury (Tr. 191). This application was denied initially and on reconsideration. On August 31, 2012, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 14, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 10-16) Plaintiff has a 12th grade education as has worked as an electronics worker (Tr. 191).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 12).

The ALJ then determined, at Step 2, that Plaintiff suffers from right shoulder rotator cuff tear, postarthoscopy with subarcomial decompression limited intra-articular, debridement, mini open rotator cuff repair, open distal clavicle resection and asthma, which he found to be "severe" within the meaning of the Regulations (Tr. 12-31).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 13).

The ALJ further found that Plaintiff could perform his past work as an electronics worker (Tr. 15) but, additionally, determined that he has the residual functional capacity ("RFC") to perform medium work including lifting fifty pounds occasionally, twenty-five pounds frequently, stand, walk and sit for six out of an eight hour day with no climbing of ladders, ropes or scaffolding and no more than occasionally working overhead with his right upper extremity, no lifting, pushing or pulling with the right upper extremity anything greater than ten to twenty pounds frequently or twenty to fifty pounds infrequently. The claimant should avoid all hazards such as unprotected heights and dangerous machinery and should avoid concentrated exposure to extreme cold, heat, fumes, odors, dust or gases (Tr. 13).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ improperly formulated the Plaintiff's RFC. The Court is mindful that it is the ALJ's obligation to assess RFC based upon the record in its entirety, and as fact-finder it is the ALJ's duty to resolve conflicts in the evidence. *See* SSR 96-5p, 1996 WL 374183 (S.S.A.) *5 (1996); 20 C.F.R. § 404.1546. This Court's task is to determine if substantial evidence supports the ALJ's decision. That there is substantial evidence which could support an opposite conclusion is of no moment, so long as substantial evidence supports the conclusion reached by the ALJ. *See generally, Jones v. Commissioner of Social Security*, 336 F.3d 469 (6th Cir. 2003).

Plaintiff first maintains that the ALJ afforded improper weight to the opinion of Michael Kirk, M.D. On February 18, 2011, Dr. Kirk opined that that Plaintiff "could do work that involved no lifting over 15 lbs. and no over the shoulder work on the right" (Tr. 15, 408), whereas the RFC's lifting restricti0ons were not as severe: (1) lift 50 pounds occasionally and 25 pounds frequently; (2) perform no more than occasional working overhead with the right upper extremity; and (3) not lift

4

anything with his right upper extremity greater than ten-to-twenty pounds frequently or twenty- to-fifty pounds infrequently. However, Plaintiff's cry of "foul" is moot. When Plaintiff's counsel at the hearing asked the VE to assume Dr. Kirk's limitation to lifting 15 pounds, the VE testified that although the limitation would preclude Plaintiff's past work as he actually performed it, Plaintiff could still perform the job as described in the Dictionary of Occupational Titles (DOT), i.e., as it is generally performed (Tr. 48). Significantly, the ALJ found Plaintiff could perform his prior work both as the work is generally performed and as he actually performed it. *See* SSR 82-61, 1982 WL 31387 (S.S.A.) *2 (1982) (a claimant is not disabled when he retains the RFC to perform his previous work either as it is generally performed in the national economy or as he actually performed it). Thus, even assuming the ALJ adopted Dr. Kirk's opinion that Plaintiff cannot lift over 15 pounds, the VE's testimony provides substantial evidence that Plaintiff can still perform his previous work as generally performed.

Plaintiff next alleges that the ALJ erred by finding Plaintiff can perform occasional working overhead with his right upper extremity. In addition to Dr. Kirk, examining physicians Dr. Richard Sheridan (Tr. 453) and Dr. Terry Troutt (Tr. 482) opined Plaintiff could not perform any overhead work with his right upper extremity. However, state agency physician Dr. Timothy Gregg did not rule out overhead work with the right extremity; he opined Plaintiff was "limited" in his ability to reach overhead on the right (Tr. 65-67). These opinions were described in the hearing decision. A review of the transcript of the hearing reveals that Plaintiff's counsel never asked the VE at the hearing whether Plaintiff could still perform his previous work if he could not work overhead with his right upper extremity (Tr. 47-48). Thus, there is no VE testimony that Plaintiff could not perform his previous work assuming such a limitation. As the burden is upon the Plaintiff in this context, his argument lacks merit.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 10th day of March, 2015.

Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge